IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEITH D. STRUNIN,

      Plaintiff,

v.                           CASE NO.: 1:08-CV-197-SPM-AK

SADIE DARNELL, in her
official capacity as Sheriff
of Alachua County, Florida,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes for consideration upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (doc. 8) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted and Rule 12(b)(1) because this Court is without subject matter jurisdiction.  Plaintiff has filed a response to the motion to dismiss and has included a memorandum of law  (doc. 11).  For the reasons set forth below, this Court grants the motion to dismiss as to Count III for failure to state a claim and declines to exercise supplemental jurisdiction over Counts I and II.

## I.  BACKGROUND FACTS

Plaintiff Keith D. Strunin was arrested on September 12, 2004 for possessing an open container of alcohol in public and for possessing alcohol while under the

age of twenty-one.  Upon arrest Plaintiff was taken to the Alachua County Jail where he was subjected to a strip search[1] as a part of the booking procedures.  Plaintiff was released on the same day after posting bond.

Plaintiff filed a three-count complaint against Defendant Sadie Darnell, Sheriff of Alachua County.  Count I alleges that the policy of performing blanket strip searches of each person booked at the Alachua County Jail violates Fla. Stat. § 901.211.  Count II alleges that the strip search policy is a violation of Art. I, § 23 of the Florida Constitution and Florida's common law right to privacy.  Count III is brought pursuant to 42 U.S.C. § 1983 and claims that the strip search policy violated Plaintiff's right to procedural due process under the Fourteenth Amendment to the United States Constitution.

## II.  STANDARD OF REVIEW

To state a claim for relief, the plaintiff must give "'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  The function of the court in deciding a 12(b)(6) motion is not to assess the veracity of the evidence or the likelihood of a successful verdict for the plaintiff, but to "determine whether the complaint is legally sufficient."  See Clark v. Potter, No. 5:07cv41/RS/EMT, 2008 WL 186619, at *1 (N.D. Fla. Jan. 18, 2008) (internal

---

[1]Plaintiff does not allege that the strip search was a body cavity search.

CASE NO.: 1:08-CV-197-SPM-AK

citations omitted).  The alleged facts must be accepted as true and must be construed in the light most favorable to the plaintiff.  See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (internal citations omitted).  Dismissal is appropriate, however, if the complaint fails to "state a claim for relief that is plausible on its face."  Twombly, 550 U.S. at 570.

**III.  DISCUSSION**

Count III of Plaintiff's Amended Complaint is for violation of Plaintiff's federal civil rights in accordance with 42 U.S.C. § 1983.  Based on recent precedent set by the Eleventh Circuit, Defendant asks this Court to dismiss Count III for failure to state a claim.

In Powell v. Barrett, 541 F.3d 1298 (11th Cir. 2008) (en banc), the court addressed the constitutionality of blanket strip searches performed at the booking stage without reasonable suspicion that the arrestee is concealing contraband.  The court found that, based upon its rereading of Bell v. Wolfish, 441 U.S. 520 (1979), these types of searches did not violate the Fourth Amendment unless they were more intrusive than the ones present in Bell.  Powell, 541 F.3d at 1298.  In Bell, the strip searches at issue were full body cavity searches, admittedly more intrusive than a non-cavity strip search.  The strip search that allegedly occurred in the instant case is less intrusive than those in Bell. Thus even without reasonable suspicion, such a search is permissible under binding Eleventh Circuit precedent.

While the Amended Complaint claims a violation of procedural due process

under the Fourteenth Amendment instead of the Fourth Amendment violation that was pleaded in the original Complaint, the Supreme Court has made clear that the Fourth Amendment, with its specific guarantees, is the appropriate source of rights against pretrial deprivations of liberty.  See Albright v. Oliver, 510 U.S. 266, 274 (1993) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it.").

Additionally, courts have found that when an amendment specifically addresses a right, it is that amendment, and not the vague Due Process provisions of the Fourteenth Amendment, that is the proper source for a potential cause of action.  See, e.g., United States Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1290 (11th Cir. 2001) (finding that a § 1983 claim based on a  search and seizure must be analyzed under the Fourth Amendment and not the Due Process provisions of the Fourteenth Amendment); Miller v. Campbell County, 945 F.2d 348, 352 (10th Cir. 1991) (refusing to impose procedural or substantive due process obligations on the government in a case involving the condemnation of private land because the Fifth Amendment's Just Compensation Clause specifically addresses the issue); Bass v. City of Dallas, 1998 U.S. Dist. LEXIS 11263, *12-13 (N.D. Tex. 1998) ("A due process claim based on the violation of a more particularized constitutional right should be analyzed in terms of the more specific right.").[2]

---

[2] Even if Plaintiff's claim were addressed under the framework of procedural due process for a state-created liberty interest, the claim would fail.  State-created

Therefore, the Eleventh Circuit's holding in <u>Powell v. Barrett</u>, 541 F.3d 1298 (11th Cir. 2008) (en banc), is applicable to the instant case.  As Count III only goes to the constitutionality of the strip search and the Eleventh Circuit has held that such a search does not violate the constitution, it is dismissed with prejudice.

The remaining claims in Counts I and II are based solely on Florida state law and were before this Court only because of supplemental jurisdiction.  28 U.S.C. § 1367(c).  Because the only claim conferring original jurisdiction on this Court is being dismissed, this Court has the discretion to either dismiss the remaining claims or exercise supplemental jurisdiction over them.  <u>See</u> <u>Mergens v. Dreyfoos</u>, 166 F.3d 1114, 1119 (11th Cir. 1999) (stating that 28 U.S.C. § 1367(c) provides district courts the discretion to refuse supplemental jurisdiction over remaining state claims after all original jurisdiction claims have been dismissed prior to trial).  In <u>Raney v. Allstate Insurance Co.</u>, 370 F.3d 1086 (11th Cir. 2004), the Eleventh Circuit "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."  <u>Id.</u> at 1088-89.  As such, this Court will not extend supplemental jurisdiction to Counts I and II.  Accordingly, it is:

ORDERED AND ADJUDGED as follows:

---

liberty interests arise only when the deprivation at stake is "atypical and significant . . . ." <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995).  The strip search at issue is not atypical and significant as the Eleventh Circuit has held that such searches are permissible for detainees when being booked into the general jail population, regardless of cause or suspicion.  <u>Powell v. Barrett</u>, 541 F.3d 1298 (11th Cir. 2008) (en banc)

1.      Defendant's motion to dismiss (doc. 8) is **granted**.   Count III is

**dismissed with prejudice**.

2.      The Court declines to exercise supplemental jurisdiction over Counts

I and II, which are dismissed without prejudice to Plaintiff's opportunity

to raise them in state court.

DONE AND ORDERED this 2nd day of July, 2009.


_s/ Stephan P. Mickle_

Stephan P. Mickle
Chief United States District Judge